■ FRANCES MARRA, Respondent, v ALFRED P. MARRA, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Greenstein, J.), dated March 5, 1985, as (1) ordered him to make weekly child support payments of $320; (2) determined the total amount of arrears in maintenance and child support due and owing to the plaintiff wife pursuant to a pendente lite order dated October 4, 1983, to be $16,160 and directed the defendant to make weekly payments of $100 by separate check or money order until said amount is paid; and (3) ordered him to pay the sum of $4,000 directly to the plaintiff's attorney as and for the wife's counsel fees.

Judgment modified, on the law and the facts, by deleting the provision thereof which fixed the total amount of arrears due and owing to plaintiff at the time of trial under the pendente lite order dated October 4, 1983, at $16,160. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for a recomputation of the arrears owed by the defendant.

The record reveals that rather than acquiescing in a waiver of the provisions of the pendente lite order, which granted certain temporary relief, the plaintiff was insistent on protecting the rights of herself and her children to pendente lite support. However, the trial court, based on the conflicting evidence adduced at trial, did not specifically enumerate the debts and outstanding bills which were the responsibility of the defendant pursuant to the order dated October 4, 1983. The record contains no itemized documentation of unpaid bills for which the defendant is liable. In view of the impossibility of ascertaining from this record the precise amount of credit to be afforded the defendant in the computation of his child support arrears as well as the "other bills and charges" which allegedly remain outstanding under the pendente lite order, it is necessary to remit the matter to the trial court for an itemized recomputation of the total arrears owed by him.

Inasmuch as the directive that the defendant pay to the plaintiff the weekly sum of $320 ($80 per child) for child support was based upon a reasonable balancing of the respective financial resources and needs of the parties, it should not be disturbed.

We have considered the defendant's other contention and find it to be without merit. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.